UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ZACHERY CHRISTENSON,

       Plaintiff,                                  Case No. 2:17-cv-13445

v.                                             Hon.

LOUIS COOK,
JOHN DOE,

       Defendants.                          **JURY TRIAL DEMANDED**
_____

Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
mattkolo@comcast.net

_____

## COMPLAINT AND JURY DEMAND

     NOW COMES the Plaintiff, Zachery Christenson, by and through his

attorney, Matthew S. Kolodziejski, and for his Complaint states as follows:


## JURISDICTION AND VENUE

1)    This is an action for monetary damages brought by the Plaintiff, Zachery

     Christenson, against Defendants Louis Cook and John Doe, pursuant to 42

     U.S.C. § 1983.

2)   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3)   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4)   The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## PARTIES

5)   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

6)   At all times relevant to this Complaint, Plaintiff was and is a resident of the State of Michigan.

7)   Upon information and belief, at all times relevant to this Complaint, Defendants Louis Cook and John Doe (hereinafter "Defendant Officers") were and are residents of the State of Michigan.

8)   At all times relevant to this Complaint, Flushing Township was an organized municipal corporation existing under the laws of the State of Michigan.

9)   At all times relevant to this Complaint, Defendant Cook was employed as a police officer by Flushing Township.

10)   Upon information and belief, at all times relevant to this Complaint, Defendant John Doe was employed as a police officer either by Flushing Township or by another neighboring municipality.

11)  At all times relevant to this Complaint, the Defendant Officers were acting within the scope and course of their employment and under color of law.

## GENERAL ALLEGATIONS

12)  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

13)  The incident complained of in this lawsuit occurred on July 24, 2017 in Flushing Township, MI.

14)  On that date the Defendant Officers were dispatched to a disturbance at Plaintiff's residence.

15)  The Defendant Officers arrived on the scene and spoke with Plaintiff, his mother, and other individuals.

16)  The Defendant Officers then took Plaintiff into custody and handcuffed him behind his back.

17)  As the Defendant Officers were walking Plaintiff along the driveway toward their police car they violently threw Plaintiff to the gravel ground face first.

18)  While Plaintiff was lying defenseless on the ground the Defendant Officers proceeded to gratuitously force Plaintiff's face into the gravel ground.

19)  As the Defendant Officers were assaulting Plaintiff they told him told him that he was receiving this treatment for being disrespectful.

20)  Both of the Defendant Officers observed the other using excessive and gratuitous physical force against Plaintiff, and both had the opportunity and

the means to prevent it from occurring.

21) Both of the Defendant Officer failed to intervene and stop the other from using excessive and gratuitous physical force against Plaintiff.

22) The Defendant Officers' actions caused Plaintiff to suffer a broken nose and significant bleeding and bruising to his face.

23) Plaintiff was transported by ambulance to the hospital and treated for the physical injuries inflicted upon him by the Defendant Officers.

24) Plaintiff did not physically resist or obstruct the Defendant Officers.

25) The physical force used by the Defendant Officers against Plaintiff was excessive and gratuitous in nature.

26) As a direct and proximate result of the Defendant Officers' unlawful actions, Plaintiff suffered injuries and damages including, but not limited to, deprivation of his constitutional rights, a broken nose, significant bruising to his face, physical pain and suffering, and mental anguish.

## COUNT I
## 42 U.S.C. § 1983 - EXCESSIVE FORCE

27) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

28) The Defendant Officers acted under color of law but contrary to law, and intentionally and unreasonably deprived Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42

4

U.S.C. § 1983, including Plaintiff's right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT II
## 42 U.S.C. § 1983 - FAILURE TO INTERVENE

29) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

30) The Defendant Officers acted under color of law but contrary to law, and intentionally and unreasonably failed to intervene as Plaintiff was being deprived of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983, including Plaintiff's right to be free from excessive force, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT III
## ASSAULT AND BATTERY

31) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32) The Defendant Officers intentionally threatened or caused Plaintiff to be threatened with, and to suffer, unnecessary or excessive physical contact.

33) The physical contact inflicted by the Defendant Officers against Plaintiff was malicious and undertaken in bad faith.

34) As a direct and proximate cause of the assault and battery that the Defendant Officers inflicted upon Plaintiff, he sustained injuries and damages.

35) The Defendant Officers' actions were so egregious and outrageous that Plaintiff's damages were heightened and made more severe, thus he is entitled to exemplary damages.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and exemplary damages in whatever amount the jury determines, plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36) Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

37) The Defendant Officers acted intentionally and recklessly towards Plaintiff.

38) The Defendant Officers' actions were so outrageous and extreme as to go beyond all possible bounds of decency, and are regarded as atrocious and

intolerable in a civilized society.

39)   As a direct and proximate result of the Defendant Officers' unlawful actions

Plaintiff suffered severe emotional distress.

WHEREFORE, Plaintiff demands judgment against Defendants for

compensatory and exemplary damages in whatever amount the jury determines,

plus costs, pre-judgment and post-judgment interest, and actual attorney fees.

Respectfully submitted,


/s/Matthew S. Kolodziejski
Law Office of Matthew S. Kolodziejski, PLLC
Matthew S. Kolodziejski (P71068)
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
Dated: October 23, 2017          mattkolo@comcast.net