UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZACHERY CHRISTENSON,

    Plaintiff,

v.

Civil Case No. 17-13445
Honorable Linda V. Parker

LOUIS COOK and THOMAS PLUMB,

    Defendants.
_____/

# OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTION TO TAXED BILL OF COSTS

This matter is currently before the Court on Plaintiff's objection to the $1,593.03 in costs taxed against Plaintiff and in favor of Defendant Thomas Plumb (hereafter "Officer Plumb") after this Court granted Officer Plumb's motion for summary judgment and dismissed with prejudice Plaintiff's claims against him.

## Background

Plaintiff initiated this lawsuit on October 23, 2017, following his arrest on July 24, 2017. In an Amended Complaint, Plaintiff asserted the following claims against Defendants: (I) excessive force in violation of his constitutional rights under 42 U.S.C. § 1983; (II) "failure to intervene" to protect Plaintiff from excessive force under § 1983; (III) assault and battery; and (IV) intentional infliction of emotional distress. (ECF No. 13.)

On October 31, 2018, Officer Plumb filed a motion for summary judgment. (ECF No. 27.) On December 19, 2018, this Court entered a stipulated order dismissing Plaintiff's claims against Defendant Louis Cook with prejudice and without costs or attorney fees to be paid by either party. (ECF No. 31.) The Court granted Officer Plumb's summary judgment motion and dismissed Plaintiff's claims against him with prejudice on September 30, 2019. (ECF No. 32.)

In that decision, the Court granted summary judgment to Officer Plumb with respect to Plaintiff's excessive force claim because it found "no evidence suggesting that Officer Plumb was involved in pushing or shoving Plaintiff to the ground." (*Id.* at Pg ID 474.) Further, Plaintiff had "testified that Officer Plumb did not touch him in any way as he walked to the patrol car [i.e., when the claimed excessive force occurred]." (*Id*.) For the same reasons, the Court granted summary judgment to Officer Plumb on Plaintiff's assault and battery claim. (*Id.* at 477.) With respect to Plaintiff's "failure to intervene" claim, the Court found no evidence "suggest[ing] that Officer Plumb had sufficient time to act to prevent [the alleged excessive force]." (*Id*.) The record also reflected no conduct by Officer Plumb that would support Plaintiff's intentional infliction of emotional distress claim. (*Id*. at Pg ID 478.)

Officer Plumb filed a Bill of Costs, seeking $1,593.03 in costs, on October 28, 2019. (ECF No. 34.) The Clerk of the Court taxed costs in that amount against

Plaintiff on the same date. (ECF No. 35.) Also on October 28, 2019, Plaintiff filed his objection to the taxed costs. (ECF No. 36.) Plaintiff does not object to any specific cost taxed, but asks the Court to exercise its discretion and refuse to tax costs against him.

## Applicable Law and Analysis

Federal Rule of Civil Procedure 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Sixth Circuit interprets this rule as " 'creat[ing] a presumption in favor of awarding costs, but allow[ing] denial of costs at the discretion of the trial court.' " *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (quoting *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)).

Several factors are relevant to whether the losing party has overcome the presumption in favor of a cost award: "the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs." *Id.* (citing *White & White*, 786 F.2d at 730). While the indigency of the losing party also is considered, it does not "provide an automatic basis for denying taxation of costs against an unsuccessful litigant." *Id.* (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1233 (6th Cir. 1986)). The winning party's ability to pay its own costs is irrelevant. *White & White*, 786 F.2d at 730.

3

Plaintiff argues that his claims against Officer Plumb were not frivolous and were entirely plausible, pointing out that Officer Plumb did not file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff also points out that he suffered severe physical injuries during the arrest, including a broken nose, stitches to his chin, a split lip, and several permanent scars, and that he required immediate medical treatment at a hospital and follow up treatment from a physician and dentist.  Plaintiff further encourages the Court to consider his financial income and condition.  He indicates that he was employed at a local dollar store earning relatively low wages during the pendency of the case. Plaintiff also indicates that he has a long and well-documented history of mental health issues.  Finally, Plaintiff argues that requiring him to pay Officer Plumb's costs "after unsuccessfully pursuing a plausible claim would have a chilling effect on future plaintiffs who wish to seek redress through the court system for alleged violations of their fundamental constitutional rights."  (ECF No. 36 at Pg ID 499.)

While the Court is sensitive to Plaintiff's economic and mental condition and the injuries he suffered on the evening of July 24, 2017, it concludes that he should not be excused from paying Officer Plumb's costs in this matter.  First, as indicated above, there was not sufficient evidence supporting Plaintiff's excessive force or assault and battery claim against Officer Plumb.  Moreover, the undisputed evidence reflected that any force used against Plaintiff while he was on

4

the ground was in response to Plaintiff's kicking, struggling, agitation, yelling, and spitting at the officers.

While Plaintiff claimed that he was calm and did not resist the officers, this is contrary to the testimony of every witness to the encounter. The officers were at Plaintiff's house in response to a 911 call placed by visitors to the home, who claimed that Plaintiff was acting out of control and breaking the windows of his own home. Plaintiff caused some of his own injuries when breaking the windows and when he fell down the steps of his front porch during the evening. He also was walking on the broken glass with bare feet. Because Plaintiff's out-of-control behavior is what led to the police being summoned to the scene and having to restrain him, the Court is particularly reluctant to stray from the presumption in favor of awarding costs.

The fact that Officer Plumb did not file a Rule 12(b)(6) motion is of no moment, as he had to accept as true the version of the events set forth by Plaintiff in his Complaint.

Further, it is not evident that Plaintiff is indigent. He was employed—at least when the incident occurred and during the pendency of this litigation. He avoids informing the Court of his present employment status. Plaintiff reached a settlement with Officer Cook and the Court must presume that this included some monetary award to Plaintiff.

Lastly, because Plaintiff's claims against Officer Plumb were without merit, the Court does not believe that the concern about a chilling effect on future plaintiffs overcomes the presumption in favor of a cost award. Excusing Plaintiff from reimbursing Officer Plumb for the costs he incurred defending against Plaintiff's claims, on the other hand, would encourage future plaintiffs to pursue claims against a defendant even when those claims lack merit.

For these reasons, the Court **REJECTS** Plaintiff's objection to the taxed bill of costs and **AFFIRMS** the Taxed Bill of Cost entered on October 28, 2019.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 14, 2020